UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

MARK A. SELLERS, III,

    Debtor.
_____/

Case No. BG 20-02619
Chapter 11
(Subchapter V)

**CORRECTED** [1]
**ORDER SETTING STATUS CONFERENCE REGARDING
PROPOSED CHAPTER 11 PLAN
AND
ESTABLISHING RELATED DEADLINES**

PRESENT:   HONORABLE JAMES W. BOYD
United States Bankruptcy Judge

On November 9, 2020, Mark A. Sellers, III (the "Debtor") filed his Small Business Debtor's Plan of Reorganization (the "Plan") in the above-captioned case. (*See* Dkt. No. 81.) The court has reviewed the Plan and has determined to schedule a status conference to discuss confirmation scheduling and other procedural issues with the parties.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The court will conduct a status conference on **November 19, 2020** at **11:00 a.m.** (the "Status Conference"). The Status Conference will be conducted by videoconferencing using the Zoom Cloud Meeting program/app. For information necessary to log in to the Zoom hearing, please review the Notice pertaining to Judge Boyd's November 19, 2020 Grand Rapids Motion Day on the court's website at https://www.miwb.uscourts.gov/covid-19-notices. The Notice will be posted one week prior to the hearing and will include the Zoom log-in information. Prior to the status conference, each participant should review Judge Boyd's Guidelines for Participation in Video Hearings via Zoom, available at https://www.miwb.uscourts.gov/content/judge-james-w-boyd under the "Authorized Video Appearances" tab.

---

[1]/   In accordance with FED. R. BANKR. P. 9024, which incorporates by reference FED. R. CIV. P. 60(a), this court is empowered, on its own initiative, to correct errors. This Corrected Order only corrects the telephone number for Debtor's counsel, John T. Piggins at ¶ 5.

2. The purpose of the Status Conference will be:
    a. to consider whether:
        i. the form of the Plan complies with the Bankruptcy Code;
        ii. there is any additional or supplemental information that should be included in the Plan; and
        iii. a separate disclosure statement should be required; and
    b. to establish dates/deadlines for:
        i. any preconfirmation modifications to the Plan.
        ii. secured creditors to make an election pursuant to 11 U.S.C. § 1111(b).
        iii. the Debtor to mail the Plan and ballot forms;
        iv. parties in interest to vote on or object to the Plan;
        v. the Debtor to file and serve a confirmation memorandum and ballot tally declaration; and
        vi. the court to conduct a hearing to consider confirmation of the Plan.

3. The Subchapter V Trustee must attend the Status Conference.

4. Pursuant to 11 U.S.C. § 1181(b), unless the court orders otherwise for cause, the Debtor need not file a separate disclosure statement describing its Plan; however, pursuant to § 1190(1), in lieu of a disclosure statement, the Plan must contain: (A) a brief history of the business operations of the Debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the Debtor to make payments under the proposed Plan. The Debtor must also include in the Plan such additional information as may be necessary under the circumstances of the case to permit the parties to ascertain whether the Plan satisfies all applicable plan confirmation requirements.

5. Any party who wishes to review the Plan may find it on the court's docket at Dkt. No. 81. Parties may also request a copy of the Plan from Debtor's counsel, John T. Piggins, at (616) 831-1793.

    6.    Any party who contends that:

        a.    the Plan lacks any of the required information set forth in paragraph 4 above,

        b.    the Debtor should be required to file a separate disclosure statement, and/or

        c.    the Plan is unconfirmable on its face,

must file a written statement of position with the court, and serve a copy on the Debtor and the other parties in interest, by no later than **November 18, 2020** at **1:00 p.m. (Eastern Time)**. However, failure to file a written statement of position does not constitute a waiver or otherwise prejudice any party's right to object to confirmation of the Plan at a later date pursuant to 11 U.S.C. § 1128(b).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon John T. Piggins, Esq., attorney for the Debtor; Kelly M. Hagan, Esq., the Subchapter V Trustee; the Office of the United States Trustee; and all parties in interest listed on the court's mailing matrix.

END OF ORDER

**IT IS SO ORDERED.**



**Dated November 12, 2020**

James W. Boyd
United States Bankruptcy Judge